# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00368-CV

**Floyd Pleasant Tarvin IV, Appellant**

**v.**

**Texas Department of Criminal Justice, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-09-004010, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Floyd Pleasant Tarvin IV appeals from the trial court's order dismissing for want of prosecution his lawsuit against the Texas Department of Criminal Justice. Because the trial court erred in failing to hold an oral hearing on Tarvin's motion to reinstate, we reverse the trial court's overruling of Tarvin's motion to reinstate and remand the cause for further proceedings.[1]

On November 24, 2009, Tarvin filed his original petition alleging that the Department had violated his federal and state rights by giving him inadequate living space. On May 13, 2010, he filed a motion seeking injunctive relief. In July 2010, Warren Vavra, the trial court's court administrator, sent Tarvin a letter explaining that Vavra was responsible for scheduling hearings and

---

[1] The facts and procedural background of the cause are well-known to the parties, and we therefore will not recite them in great detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

for the day-to-day operations of the central docket but did not have the authority to file documents, although he said he routinely forwarded Tarvin's documents to the clerk's office for filing. Vavra provided the clerk's office's address and explained the requirements to get a defendant served with citation. On October 19, 2010, the trial court sent Tarvin notice that it intended to dismiss the suit for want of prosecution unless a motion to retain was filed before November 19, and on May 6, 2011, the court signed an order dismissing the suit. On June 3, 2011, Tarvin filed a motion to retain the suit and a motion to reinstate the case.[2] Tarvin also asked the trial court to hold a hearing on his motion to reinstate. Tarvin's motion was not verified, *see* Tex. R. Civ. P. 165a(3), but it did include an unsworn declaration, *see* Act of June 1, 1987, 70th Leg., R.S., ch. 1049, § 60, 1987 Tex. Gen. Laws 3517, 3540 (former Tex. Civ. Prac. & Rem. Code § 132.001 (inmate may use unsworn declaration in place of sworn verification), § 132.003 (providing format for unsworn declaration and requiring substantial compliance with format)).[3] The trial court did not act on Tarvin's motion to reinstate, which was therefore overruled by operation of law.[4] On appeal, Tarvin complains that the court abused its discretion in dismissing the suit and in failing to hold a hearing on his motion to reinstate.

---

[2] In his motion to reinstate, he asserted that he filed a motion to retain on November 14, 2010, but that motion does not appear in the record. Although we note that the unsworn declaration included in the body of Tarvin's motion to retain was dated November 14, 2010, and that his prayer for relief asked the trial court to set the matter for a pretrial conference in January 2011, we cannot speculate as to why the motion was not filed until June 2011.

[3] Tarvin's unsworn declaration does not state his inmate number or the location of his incarceration, but it is part of his motion to reinstate, which provides that information elsewhere, and former section 132.003 required only that the form of an inmate's unsworn declaration substantially follow the statutory language.

[4] When a motion to reinstate is not decided by signed order within seventy-five days after the judgment is signed, the motion is deemed overruled by operation of law. Tex. R. Civ. P. 165a(3).

2

The only motion to retain included in the clerk's record is the motion filed June 3, 2011, after the trial court had signed the order of dismissal. The motion alleged that the Department had interfered with his efforts to further his suit by limiting his access to the prison's law library and to copiers, paper, envelopes, postage, and other office supplies, but such limitations do not explain why Tarvin was able to take virtually no action in the suit between November 2009 and May 2011.[5] The trial court did not abuse its discretion in dismissing the suit for want of prosecution despite Tarvin's motion to retain, nor was it required to hold an oral hearing before deciding to dismiss the suit. *See Enriquez v. Livingston*, No. 03-11-00791-CV, 2013 Tex. App. LEXIS 3154, at *9-13 (Tex. App.—Austin Mar. 20, 2013, no pet. h.) (mem. op.)

Tarvin is correct, however, that the trial court erred in not holding a hearing on his motion to reinstate. When a proper and timely motion is filed pursuant to rule 165a, the trial court *must* hold an oral hearing. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988); *see also Enriquez*, 2013 Tex. App. LEXIS 3154, at *14-21 (oral hearing is required upon filing of timely, verified rule 165a motion and burden is on trial court, not party, to schedule hearing). Tarvin timely filed his motion to reinstate, requested a hearing, and included an unsworn declaration. Thus, the trial court abused its discretion in not holding a hearing on Tarvin's motion to reinstate.

---

[5] In his motion to reinstate, Tarvin stated that he "made several attempts to secure pre-trial preliminary hearings" in December 2009, February 2010, and March 2010. The record does not include documents to support that allegation, and Tarvin does not explain those efforts.

3

We reverse the trial court's overruling of Tarvin's motion to reinstate and remand the cause to the court to hold an oral hearing on the motion as required by rule 165a.**[6]** We make no determination of whether Tarvin is entitled to reinstatement or whether the trial court must arrange for his physical presence at the hearing or if telephonic participation will be sufficient.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin and Field

Reversed and Remanded

Filed:   June 26, 2013

---

**[6]** The State argues in its appellee's brief that dismissal was also proper under chapter 14 of the civil practice and remedies code, which governs the dismissal of an indigent inmate's lawsuit if the trial court determines the suit is frivolous or malicious.  _See_ Tex. Civ. Prac. & Rem. Code § 14.003.  However, although dismissal might have been proper under chapter 14, the suit was dismissed for want of prosecution, not as being frivolous, and we decline to speculate whether the trial court might have determined that the suit was frivolous.